■ In the Matter of CRAIG T. KIMMEL and ROBERT M. SILVER-MAN, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [872 NYS2d 922]—

Per Curiam. Respondents were admitted to practice by this Court in 1997. They founded and maintain the primary office of their firm, Kimmel & Silverman, in Pennsylvania where they were admitted to the bar in 1989.

Respondents' firm operates a high volume practice in multiple states prosecuting motor vehicle warranty and "Lemon Law" civil claims. In 2004, the firm hired an attorney admitted in Maryland to establish and operate a satellite office in that state. The subordinate attorney neglected client matters leading to dismissals in 47 cases with prejudice. She was eventually disbarred in Maryland. The Court of Appeals of Maryland then indefinitely suspended respondents effective October 2, 2008 (405 Md 647, 955 A2d 269 [2008]), with a right to apply for reinstatement after 90 days, for failing to communicate with one of the Maryland clients and for failing to adequately supervise the subordinate attorney. Although respondents are not admitted in Maryland, Maryland Rules of Professional Conduct rule 8.5 provides jurisdiction over attorneys not admitted to the Maryland bar who provide legal services in Maryland or who supervise an attorney in Maryland who commits professional misconduct.

Petitioner moves for orders imposing reciprocal discipline upon respondents pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondents oppose the motions. They raise one of the three possible defenses to reciprocal discipline set forth in our rules, i.e., that imposition of the same discipline by this Court as was imposed in Maryland would be unduly harsh and unjust (*see* 22 NYCRR 806.19 [d]).

We grant petitioner's motions. Having due regard for the sanction imposed in Maryland, we nevertheless conclude that censure is the appropriate reciprocal discipline which should be imposed by this Court. Respondents failed to adequately supervise a subordinate attorney and they acknowledge their responsibility for their misconduct and express sincere remorse for it. However, it is also clear that the subordinate attorney failed to follow firm procedures which would have alerted respondents to the misconduct and enabled them to take timely

preventitive measures. Respondents have taken effective steps to ameliorate the harm caused to clients by the misconduct and to forestall such misconduct in the future. Respondents, prior to this matter, had unblemished disciplinary records.

Peters, J.P., Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that petitioner's motions are granted; and it is further ordered that respondents are reciprocally censured.